Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

September 16, 2016

**VIA ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

Mark W. Batten
Member of the Firm
d 617.526.9850
f 617.526.9899
mbatten@proskauer.com
www.proskauer.com

Re: Grant, et al. v. The New York Times Company, et al., No. 16 Civ. 03175 (PKC)(DCF)

Dear Judge Castel:

We represent the Defendants in this action, The New York Times Company, Mark Thompson, and Meredith Levien. We write pursuant to Your Honor's Individual Rule of Practice 4(A)(1), supplementing our July 27, 2016 letter (Dkt. 25) seeking leave to file a partial motion to dismiss and to strike in light of Plaintiffs' recent filing of an Amended Complaint. The initial conference in this matter is currently scheduled for October 7, 2016.

On July 27, Defendants filed a letter motion requesting permission to file a motion (a) to dismiss Plaintiffs' gender discrimination claim pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that the Complaint fails to allege a plausible gender claim in accordance with the standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and (b) to strike Plaintiffs' allegations that this case is appropriate for class certification under Fed. R. Civ. P. 23(b)(1) or 23(b)(2), where the primary relief sought is money damages. Plaintiffs responded by letter dated August 2, 2016 (Dkt. 31).

Plaintiffs then filed an Amended Complaint on August 22, 2016. The Amended Complaint does not begin to cure the deficiencies noted in our July 27 letter, and our proposed motion to dismiss and to strike remains appropriate.

1. **Plaintiffs still fail to allege a plausible gender discrimination claim**. The Amended Complaint retains the allegations that the plaintiffs, Ernestine Grant and Marjorie Walker, were disadvantaged as compared to several other female employees. Ms. Grant still expressly names six comparators, three of whom are female; Ms. Walker still names three males and two females whom she claims have received better treatment. Amended Complaint ¶¶ 158-61, 203-205. Plaintiffs made no changes to these allegations.

The new allegations in the Amended Complaint continue the focus on age and race rather than gender that characterized the original Complaint. For example, new Paragraph 17 now alleges a desire to hire "younger white managerial staff," with no mention of gender. Other new allegations follow the same pattern. See, e.g., Amended Complaint ¶¶21, 106 (alleging

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, DC

59731558v1

**Proskauer»**

Hon. Kevin Castel
September 16, 2016
Page 2

terminations of "nonwhite Advertising Directors"); 24 (new hires "were, for the most part, young and white"), 86 (same), 110 (same); 117 ("these younger, white employees were given direct access"); 121-24 (alleging different rules for "longstanding, older employees of color" as compared to "younger, white employees"); 136, 140-41 (alleging that new initiatives discriminated against "older employees of color").  The only new allegations concerning gender concern a union claim that there is a pay gap, generally, between male and female employees.  Amended Complaint ¶¶1, 31-32.

That general allegation does not suffice to meet the *Iqbal* requirement, particularly in light of the claim that the alleged pattern of discrimination has favored several women.  The plaintiff in *Cepeda v. Bloomberg*, 2012 WL 75424 (S.D.N.Y. 2012), tried a similar argument.  There the plaintiff, an inmate at Rikers Island, alleged he suffered from exposure to toxic chemicals, and in support cited a news article reporting on a similar suit filed by Rikers corrections officers, an environmental study reporting on Rikers' previous use as a hazardous waste disposal site, and other materials.  *Id*. at *1-*2.  Even granting the pro se plaintiff leniency in the standard of review, the Court dismissed the claim, finding that the materials about potential harm to others did not state a plausible claim that the plaintiff himself had been injured.  *Id*. at *2.  Similarly, in *Teixeria v. St. Jude Medical S.C, Inc*., 2016 WL 3547932 (W.D.N.Y. 2016), a product liability action where the complaint relied on references to a study finding defects in the product, the court dismissed the claim, holding that:

> At most, these articles intimate "a sheer possibility that [St. Jude] has acted unlawfully." *Iqbal*, 556 U.S. at 678.  The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 . . . .  To paraphrase Judge Cardozo, "proof of [product liability] in the air, so to speak, will not do." *Palsgraf v. Long Island R. Co*., 248 N.Y. 339, 341, 162 N.E. 99 (1928).

*Id*. at *11.  Plaintiffs here similarly make passing reference to a study of unknown quality alleging a general disparity in pay, but make no allegations plausibly suggesting that they personally have been the victims of gender discrimination.  The allegations naming women who have been favored, moreover, directly undercuts the allegation of a systemic bias against women that the Amended Complaint attempts to assert.

In their August 2 response letter, Plaintiffs argued that the Complaint's reference to higher-paid females did not invalidate the gender claim because claims can be brought on behalf of a subset of a protected class.  Dkt. 31 at 2 (citing *Gorzynski v. Jetblue Airways Co.*, 596 F.3d 93, 109 (2d Cir. 2010).  That argument fails because Plaintiffs do not allege the "sex-plus" claim on behalf of a subset of employees that *Gorzynski* describes, neither in the original Complaint nor the Amended Complaint.  Plaintiffs do not seek to certify a class consisting of older women, as  sex-plus claim would require; they propose an "Age Class" of "older employees," male and female, as well as a "Gender Class" consisting of "female employees . . . employed by the Company in its Business division as Account Managers," regardless of their age.  Amended

**Proskauer**

Hon. Kevin Castel
September 16, 2016
Page 3

Complaint ¶¶248, 272.  Plaintiffs can apply *Gorzynski* and narrow their Gender Class to include only older women if they choose, but so long as they assert a class consisting of all female Account Managers, this case does not present a sex-plus claim of the kind *Gorzynski* describes, and Plaintiffs' allegations fall well short of satisfying *Iqbal* in alleging broad discrimination on the basis of gender.

2.  **The amendments to the Complaint do not affect the proposed motion to strike in any way**.  Our July 27 letter, which we incorporate here by reference, explained why the Complaint's allegations that classes may be certified under Rules 23(b)(1) and (b)(2) fail as a matter of law.  Plaintiffs' August 2 response did not address the merits of Defendants' arguments, but simply urged the Court to defer this issue until after discovery.  There is no need to do so, because the inapplicability of these subsections arises from the fundamental nature of this case.  This is not a case in which certification is necessary to protect the defendant or absent class members from inconsistent judgments, as Rule 23(b)(1) requires, or where monetary relief is only incidental, as Rule 23(b)(2) requires.

Perhaps recognizing that the fundamentals of this case, rather than the particular allegations of the Complaint, dictate the applicable subsection of Rule 23(b), Plaintiffs make no amendments to the Complaint that address this issue at all.  The Amended Complaint continues to assert primarily that Ms. Grant and Ms. Walker have suffered lower wages, or diminished potential to earn higher wages, for which they seek compensation.  The prayer for relief, with its myriad of demands for monetary compensation in various forms, remains untouched in the Amended Complaint.  The new pleading, just like the old one, asserts class claims that can be certified, if at all, only under Rule 23(b)(3).  There is no reason not to make that ruling now, and Defendants accordingly request leave to file a motion to strike the allegations pursuing classes under other rules.

Respectfully submitted,

*/s/ Mark W. Batten*

Mark W. Batten

cc:   Douglas Wigdor, Esq.
      Lawrence Pearson, Esq.

59731558v1