UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
ERNESTINE GRANT AND MARJORIE          :        1:16 CV 03175 (PKC)(DCF)
WALKER, on behalf of themselves individually   :
and on behalf of all similarly situated persons,   :        **ECF CASE**
                                                    :
                        Plaintiffs,          :        **DEFENDANT THE NEW YORK**
                                                    :        **TIMES COMPANY'S AMENDED**
            v.                               :        **ANSWER TO PLAINTIFFS'**
                                                    :        **AMENDED COMPLAINT**
THE NEW YORK TIMES COMPANY, MARK      :
THOMPSON, and MEREDITH LEVIEN,        :
                                                    :
                        Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant The New York Times Company ("The Times", "Company" or "Defendant")

hereby answers the Amended Complaint ("Amended Complaint") of Plaintiffs Ernestine Grant

and Marjorie Walker ("Plaintiffs") as follows:

## AS TO THE NATURE OF THE CLAIMS

1.      Defendant denies each and every allegation in Paragraph 1 of the Amended

Complaint.

2.      Defendant denies each and every allegation in Paragraph 2 of the Amended

Complaint, except admits that Mark Thompson was named Chief Executive Officer of The

Times in 2012.

3.      Defendant denies each and every allegation in Paragraph 3 of the Amended

Complaint.

4.      Defendant denies each and every allegation in Paragraph 4 of the Amended

Complaint, and refers the Court to the cited CNN, UK Times, Hollywood Reporter and Standard

articles for their contents.

5.      Defendant denies each and every allegation in Paragraph 5 of the Amended Complaint, and refers the Court to the cited New York Times article for its contents.

6.      Defendant denies knowledge or information sufficient to form a belief as to what "outsiders" questioned and refers the Court to the cited Guardian article for its contents.

7.      Defendant denies each and every allegation in Paragraph 7 of the Amended Complaint and refers the Court to the cited article for its contents.

8.      Defendant denies each and every allegation in Paragraph 8 of the Amended Complaint and refers the Court to the cited Standard article for its contents.

9.      Defendant denies each and every allegation in Paragraph 9 of the Amended Complaint except admits that Defendant's Board of Directors includes four female Directors, and avers that three women sit on the Company's Executive Committee – Meredith Levien (Executive Vice President and Chief Revenue Officer), Diane Brayton (Secretary and Deputy General Counsel) and Ellen Shultz (Executive Vice President of Talent and Inclusion).

10.      Defendant denies each and every allegation in Paragraph 10 of the Amended Complaint and refers the Court to the cited New York Magazine article for of its contents.

11.      Defendant denies each and every allegation in Paragraph 11 of the Amended Complaint except admits that Jill Abramson was the first female Executive Editor of the Times, avers that Ms. Abramson was succeeded by Dean Baquet, the first African-American to serve in that position, and refers the Court to the cited New Yorker and Forbes articles for their contents.

12.      Defendant denies each and every allegation in Paragraph 12 of the Amended Complaint and refers the Court to the cited 2014 Women's Media Center Study for its contents.

13.      Defendant denies each and every allegation in Paragraph 13 of the Amended Complaint and refers the Court to the cited Telegraph, Guardian and BBC articles their contents.

14.     Defendant denies knowledge or information sufficient to form a belief as to what unidentified individuals may have said and refers the Court to the cited Telegraph, Guardian and BBC articles for their contents.

15.     Defendant denies each and every allegation in Paragraph 15 of the Amended Complaint and refers the Court to the cited Hollywood Reporter article – and the full Daily Mail article written by Mr. Thompson on which it is based – for its contents.

16.     Defendant denies the truth of each and every allegation in Paragraph 16 of the Amended Complaint, refers the Court to the cited Daily Mail article for its contents and admits that the quoted language appears in the article.

17.     Defendant denies each and every allegation in Paragraph 17 of the Amended Complaint except admits that Mr. Thompson was hired as the Chief Executive Officer of The Times and was previously employed by BBC.

18.     Defendant denies each and every allegation in Paragraph 18 of the Amended Complaint except admits that Mr. Thompson sought to hire and reward employees who would carry out his vision for The Times.

19.     Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint, except admits that Mr. Thompson's first major business-side executive appointment was Ms. Levien, and avers that Ms. Levien is currently the Chief Revenue Officer.

20.     Defendant denies each and every allegation in Paragraph 20 of the Amended Complaint.

21.     Defendant denies each and every allegation in Paragraph 21 of the Amended Complaint.

22.     Defendant denies each and every allegation in Paragraph 22 of the Amended Complaint, except admits that individual lawsuits were filed against The Times by two former female employees in the Advertising Department.

23.     Defendant denies each and every allegation in Paragraph 23 of the Amended Complaint except admits that Tracy Quitasol is over age 40, a minority, and a woman, refers the Court to the cited complaint for its contents, and denies the substance of the allegations referenced therein.

24.      Defendant denies each and every allegation in Paragraph 24 of the Amended Complaint, except admits that Arielle Davies was a Director in the Advertising Department, refers the Court to the cited complaint for its contents, and denies the substance of the allegations referenced therein.

25.     Defendant denies each and every allegation in Paragraph 25 of the Amended Complaint, except avers voluntary buyouts have been offered to employees in the Advertising Department at times since 2013.

26.     Defendant denies each and every allegation in Paragraph 26 of the Amended Complaint, except to aver that certain employees are members of the Newspaper Guild of New York bargaining unit.

27.     Defendant denies each and every allegation in Paragraph 27 of the Amended Complaint.

28.     Defendant denies each and every allegation in Paragraph 28 of the Amended Complaint.

29.     Defendant denies each and every allegation in Paragraph 29 of the Amended Complaint, and avers that there was not a "usual union context and pay structure."

30.     Defendant denies each and every allegation in Paragraph 30 of the Amended Complaint.

31.     Defendant denies each and every allegation in Paragraph 31 of the Amended Complaint.

32.     Defendant denies each and every allegation in Paragraph 32 of the Amended Complaint.

33.     Defendant denies each and every allegation in Paragraph 33 of the Amended Complaint.

34.     Defendant denies each and every allegation in Paragraph 34 of the Amended Complaint.

35.     Defendant denies each and every allegation in Paragraph 35 of the Amended Complaint.

36.     Defendant denies each and every allegation in Paragraph 36 of the Amended Complaint.

37.     Defendant denies each and every allegation in Paragraph 37 of the Amended Complaint, except avers that The New York Times Company has undertaken its own pay study.

38.     Defendant denies each and every allegation in Paragraph 38 of the Amended Complaint, except admits Defendant is the Chief Revenue Officer.

39.     Defendant denies each and every allegation in Paragraph 39 of the Amended Complaint.

40.     Defendant denies each and every allegation contained in Paragraph 40 of the Amended Complaint as to the merits of the claims alleged, but admits that Plaintiffs purport to assert claims as described in Paragraph 40 of the Amended Complaint.

41.     Defendant denies each and every allegation in Paragraph 41 of the Amended Complaint.

42.     Defendant denies each and every allegation in Paragraph 42 of the Amended Complaint.

## AS TO ADMINISTRATIVE PROCEDURES

43.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 of the Amended Complaint.

45.     The allegations in Paragraph 45 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent any response is required, Defendant denies each and every allegation in Paragraph 45 of the Amended Complaint.

## AS TO JURISDICTION AND VENUE

46.     The allegations in Paragraph 46 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.

47.     The allegations in Paragraph 47 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.

## AS TO THE PARTIES

**Plaintiffs and Class Representatives**

48.     Defendant denies each and every allegation in Paragraph 48 of the Amended Complaint, except admits that Ernestine Grant is a Black female employee of The New York Times Company who has been employed for the past sixteen years and has reported her residence as being in New York.

6

49.     Defendant denies each and every allegation in Paragraph 49 of the Amended

Complaint, except admits that Marjorie Walker is a Black female employee of The New York

Times Company and has reported her residence as being in New York.

**Defendants**

50.     Defendant denies each and every allegation in Paragraph 50 of the Amended

Complaint, except admits that The New York Times Company (the "Company") is incorporated

in New York and that its principal place of business is in New York.

51.     Defendant denies knowledge and information sufficient to form a belief as to the

allegations in Paragraph 51 of the Amended Complaint, except admits that Mark Thompson is a

resident of the State of New York and President and CEO of the Company, and that he attended

annual sales meetings, and denies that he routinely attends Advertising Directors and Account

Manager meetings, and denies that he controls the Company's marketing and advertising

strategy and goals or its personnel matters.

52.     Defendant denies each and every allegation in Paragraph 52 of the Amended

Complaint, except admits that Meredith Levien is a resident of the State of New York and

currently serves as Executive Vice President and Chief Revenue Officer of the Company, and

that, among other things, she administers the advertising and marketing strategy and goals of the

"Company" and heads the Advertising Department where the Plaintiffs work.

## AS TO THE FACTUAL ALLEGATIONS

53.     Defendant denies each and every allegation in Paragraph 53 of the Amended

Complaint insofar as it mischaracterizes the statement on the Company website and avers that

the Company website states: "Only by having a staff as wide as it is deep, broad in perspective,

backgrounds and experiences are we able to capture the multitude of voices of America and the world, with true fidelity."

54.      Defendant denies each and every allegation in Paragraph 54 of the Amended Complaint.

55.      Defendant denies each and every allegation in Paragraph 55 of the Amended Complaint, except avers that Janet Robinson served as President and CEO of the Company through December 2011 and Mark Thompson became President and CEO on November 12, 2012.

56.      Defendant denies each and every allegation in Paragraph 56 of the Amended Complaint, except admits that Mark Thompson served as Director-General of the BBC before joining the Company.

57.      Defendant denies each and every allegation in Paragraph 57 of the Amended Complaint, except to admit that a story concerning Savile was cancelled, reportedly for journalistic reasons, and that certain tributes appeared on the BBC in December 2011.

58.      Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 of the Amended Complaint.

59.      Defendant denies each and every allegation in Paragraph 59 of the Amended Complaint.

60.      Defendant denies each and every allegation in Paragraph 60 of the Amended Complaint.

61.      Defendant denies each and every allegation in Paragraph 61 of the Amended Complaint.

62.     Defendant denies each and every allegation in Paragraph 62 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to Margaret Sullivan's state of mind and refers the Court to the New York Times article referenced in Footnote 5 for its contents.

63.     Defendant denies each and every allegation in Paragraph 63 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to Joe Nocera's state of mind and refers the Court to the New York Times article referenced in Footnote 6 for its contents.

64.     Defendant denies each and every allegation in Paragraph 64 of the Amended Complaint, except admits that the Company hired Mark Thompson.

65.     Defendant denies each and every allegation in Paragraph 65 of the Amended Complaint, except to admit that Moira Stuart left the BBC after a long career and avers that she was subsequently rehired.

66.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 of the Amended Complaint, except to admit that Miriam O'Reilly was a female presenter on the show "Countryfile" who was dismissed from the program.

67.     Defendant admits the allegations of Paragraph 67 of the Amended Complaint as to what Miriam O'Reilly claimed, but denies knowledge and information sufficient to form a belief as to whether she was "warned about wrinkles".

68.     Defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 68 of the Amended Complaint, except admits that Ms. Phillips was replaced.

69.     Defendant admits that the words in Paragraph 69 of the Amended Complaint appear in the Daily Mail article referenced in Footnotes 18 and 22 but denies the truth of the quoted statement.

70.     Defendant admits that the words in Paragraph 70 of the Amended Complaint appear in the Telegraph article referenced in Footnote 19 but denies the truth of the quoted statement.

71.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 71 of the Amended Complaint, except to refer to the Daily Mail article written by Mr. Thompson on which it is based for its contents.

72.     Defendant denies each and every allegation in Paragraph 72 of the Amended Complaint.

73.     Defendant denies each and every allegation in Paragraph 73 of the Amended Complaint except admits that Defendant's Board of Directors includes four female Directors and avers that three women sit on the Company's Executive Committee – Meredith Levien (Executive Vice President and Chief Revenue Officer), Diane Brayton (Secretary and Deputy General Counsel) and Ellen Shultz (Executive Vice President of Talent and Inclusion).

74.     Defendant denies each and every allegation in Paragraph 74 of the Amended Complaint.

75.     Defendant denies each and every allegation in Paragraph 75 of the Amended Complaint.

76.     Defendant denies each and every allegation in Paragraph 76 of the Amended Complaint.

77.     Defendant denies each and every allegation in Paragraph 77 of the Amended Complaint.

78.     Defendant denies each and every allegation in Paragraph 78 of the Amended Complaint.

79.     Paragraph 79 of the Amended Complaint makes no factual allegation that can be admitted or denied; Defendant denies that facts concerning Ms. Abramson are relevant to any issue in this action.

80.     Defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 80 but admits that *The New York Times* newspaper was investigating the matter prior to Mr. Thompson's hire at The Times.

81.     Defendant denies each and every allegation in Paragraph 81 of the Amended Complaint.

82.     Defendant denies each and every allegation in Paragraph 82 of the Amended Complaint.

83.     Defendant denies each and every allegation in Paragraph 83 of the Amended Complaint, except to admit that Ms. Abramson's successor was male.

84.     Defendant denies each and every allegation in Paragraph 84 of the Amended Complaint, except to admit that Meredith Levien was hired as Executive Vice President of Advertising and later became Chief Revenue Officer.

85.     Defendant denies each and every allegation in Paragraph 85 of the Amended Complaint.

86.     Defendant denies each and every allegation in Paragraph 86 of the Amended Complaint.

87.     Defendant denies each and every allegation in Paragraph 87 of the Amended Complaint.

88.     Defendant denies each and every allegation in Paragraph 88 of the Amended Complaint.

89.     Defendant denies each and every allegation in Paragraph 89 of the Amended Complaint.

90.     Defendant denies each and every allegation in Paragraph 90 of the Amended Complaint.

91.     Defendant denies each and every allegation in Paragraph 91 of the Amended Complaint.

92.     Defendant denies each and every allegation in Paragraph 92 of the Amended Complaint, except admits that Brendan Monaghan was employed by Defendant as Senior Vice President of Advertising and Publisher of "T: The New York Times Style Magazine".

93.     Defendant denies each and every allegation in Paragraph 93 of the Amended Complaint, except to admit that Mr. Monaghan did not invite the Plaintiffs to his home.

94.      Defendant denies each and every allegation in Paragraph 94 of the Amended Complaint, except admits that Brendan Monaghan was employed by Defendant from November 2013 through December 2015 and he hired three white males and one white female.

95.     Defendant denies each and every allegation in Paragraph 95 of the Amended Complaint.

96.     Defendant denies each and every allegation in Paragraph 96 of the Amended Complaint.

97.     Defendant denies each and every allegation in Paragraph 97 of the Amended Complaint.

98.     Defendant denies each and every allegation in Paragraph 98 of the Amended Complaint.

99.     Defendant denies each and every allegation in Paragraph 99 of the Amended Complaint, except avers two meetings were held among certain employees, Michael Golden and Matthew Haradon, one of which included complaints of discrimination.

100.    Defendant denies each and every allegation in Paragraph 100 of the Amended Complaint, except avers that, on one occasion, Ernestine Grant and four other employees raised allegations regarding wage disparities, unfair account distribution and the category placement of older and minority employees.

101.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 101.

102.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 102.

103.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 103.

104.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 104.

105.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 105.

106.    Defendant denies each and every allegation in Paragraph 106 of the Amended Complaint.

107.     Defendant denies each and every allegation in Paragraph 107 of the Amended Complaint.

108.     Defendant denies each and every allegation in Paragraph 108 of the Amended Complaint, except avers that The Times is committed to attracting, developing and training people from a rich variety of experiences, ethnic backgrounds and cultures.

109.     Defendant denies each and every allegation in Paragraph 109 of the Amended Complaint, except admits that Tracey Quitasol and Arielle Davies filed suits against the Defendant.

110.     Defendant denies each and every allegation in Paragraph 110 of the Amended Complaint.

111.     Defendant denies each and every allegation in Paragraph 111 of the Amended Complaint, except admits that Advertising Directors have been offered buyouts.

112.     Defendant denies each and every allegation in Paragraph 112 of the Amended Complaint, except to aver that some employees are members of the Newspaper Guild of New York bargaining unit.

113.     Defendant denies each and every allegation in Paragraph 113 of the Amended Complaint.

114.     Defendant denies each and every allegation in Paragraph 114 of the Amended Complaint.

115.     Defendant denies each and every allegation in Paragraph 115 of the Amended Complaint.

116.     Defendant denies each and every allegation in Paragraph 116 of the Amended Complaint.

117.     Defendant denies each and every allegation in Paragraph 117 of the Amended Complaint.

118.     Defendant denies each and every allegation in Paragraph 118 of the Amended Complaint.

119.     Defendant denies each and every allegation in Paragraph 119 of the Amended Complaint.

120.     Defendant denies each and every allegation in Paragraph 120 of the Amended Complaint.

121.     Defendant denies each and every allegation in Paragraph 121 of the Amended Complaint.

122.     Defendant denies each and every allegation in Paragraph 122 of the Amended Complaint, and avers that all employees had the same access to Defendant.

123.     Defendant admits to the allegations in Paragraph 123 of the Amended Complaint.

124.     Defendant admits to the allegations in Paragraph 124 of the Amended Complaint.

125.     Defendant denies each and every allegation in Paragraph 125 of the Amended Complaint.

126.     Defendant denies each and every allegation in Paragraph 126 of the Amended Complaint and its implication, and avers that all employees obtain pricing by the same method.

127.     Defendant denies each and every allegation in Paragraph 127 of the Amended Complaint.

128.     Defendant denies each and every allegation in Paragraph 128 of the Amended Complaint.

129.    Defendant denies each and every allegation in Paragraph 129 of the Amended Complaint.

130.    Defendant denies each and every allegation in Paragraph 130 of the Amended Complaint, except admits that Mark Thompson and Meredith Levien are compensated for their employment and that Meredith Levien was promoted during her employment at the Company.

131.    Defendant denies each and every allegation in Paragraph 131 of the Amended Complaint.

132.    Defendant admits the allegations in Paragraph 132 of the Amended Complaint.

133.    Defendant denies each and every allegation n Paragraph 133 of the Amended Complaint.

134.    Defendant denies each and every allegation in Paragraph 134 of the Amended Complaint.

135.    Defendant denies each and every allegation in Paragraph 135 of the Amended Complaint.

136.    Defendant denies each and every allegation in Paragraph 136 of the Amended Complaint.

137.    Defendant denies each and every allegation in Paragraph 137 of the Amended Complaint as the allegation is too vague to permit a response.

138.    Defendant admits the allegation in Paragraph 138 of the Amended Complaint.

139.    Defendant admits the allegation in Paragraph 139 of the Amended Complaint.

140.    Defendant denies each and every allegation in Paragraph 140 of the Amended Complaint.

141.    Defendant denies each and every allegation in Paragraph 141 of the Amended Complaint.

142.    Defendant denies each and every allegation in Paragraph 142 of the Amended Complaint.

143.    Defendant denies each and every allegation in Paragraph 143 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to why "sales staff of color" chose to accept voluntary buyout offers.

144.    Defendant denies each and every allegation in Paragraph 144 of the Amended Complaint, and avers that it was always a recommendation that employees take the IAB examination.

145.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 145 of the Amended Complaint.

146.    Defendant denies each and every allegation in Paragraph 146 of the Amended Complaint and avers that no employee suffered repercussions from choosing not to take the examination.

## AS TO REPRESENTATIVE PLAINTIFFS' INDIVIDUAL ALLEGATIONS

147.    Defendant admits the allegations in Paragraph 147 of the Amended Complaint.

148.    Defendant denies each and every allegation in Paragraph 148 of the Amended Complaint, except admits that Ernestine Grant received two Presidential Circle Sales Awards and bonus compensation from time to time over the course of her employment.

149.    Defendant denies each and every allegation in Paragraph 149 of the Amended Complaint, except admits that Ernestine Grant has received positive comment from supervisors and clients at certain times during her employment at the Company.

150.     Defendant denies each and every allegation in Paragraph 150 except admits the quoted content reflects an excerpt from Ms. Grant's 2013 Performance Review.

151.     Defendant denies each and every allegation in Paragraph 151 except admits the quoted content reflects an excerpt from Ms. Grant's 2013 Performance Review.

152.     Defendant denies each and every allegation in Paragraph 152 except admits the quoted content reflects an excerpt from Ms. Grant's 2013 Performance Review.

153.     Defendant denies each and every allegation in Paragraph 153 except admits the quoted content reflects an excerpt from Ms. Grant's 2013 Performance Review.

154.     Defendant denies each and every allegation in Paragraph 154 except admits the quoted content reflects an excerpt from Ms. Grant's 2013 Performance Review.

155.     Defendant denies each and every allegation in Paragraph 155 except admits the quoted content reflects an excerpt from Ms. Grant's 2013 Performance Review.

156.     Defendant denies each and every allegation in Paragraph 156 except admits the quoted content reflects an excerpt from Ms. Grant's 2013 Performance Review.

157.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 157.

158.     Defendant denies each and every allegation in Paragraph 158 of the Amended Complaint, and avers that Ms. Grant never applied for a promotion.

159.     Defendant denies each and every allegation in Paragraph 159 of the Amended Complaint.

160.     Defendant denies each and every allegation in Paragraph 160 of the Amended Complaint.

161.    Defendant denies each and every allegation in Paragraph 161 of the Amended Complaint.

162.    Defendant denies each and every allegation in Paragraph 162 of the Amended Complaint, except to admit that certain Account Managers received higher compensation than did Ms. Grant.

163.    Defendant denies each and every allegation in Paragraph 163 of the Amended Complaint, except admits that Perry Tripp is a white male who was employed by Defendant as an Account Manager and who managed certain accounts that had historically generated higher revenue than certain accounts assigned to Ms. Grant.

164.    Defendant denies each and every allegation in Paragraph 164 of the Amended Complaint, except admits that Mark Lloyd was a white male Account Manager employed by Defendant who  managed certain accounts that had historically generated higher revenue than certain accounts assigned to Ms. Grant.

165.    Defendant denies each and every allegation in Paragraph 165 of the Amended Complaint, except admits that Maria Eliason is a white female Account Manager employed by Defendant who manages certain accounts that had historically generated higher revenue than certain accounts assigned to Ms. Grant.

166.    Defendant denies each and every allegation in Paragraph 166 of the Amended Complaint.

167.    Defendant denies each and every allegation in Paragraph 167 of the Amended Complaint.

168.    Defendant admits the allegations in Paragraph 168 of the Amended Complaint.

169.     Defendant admits the allegations in Paragraph 169 of the Amended Complaint and avers that Ms. Grant was among the numerous employees in the Advertising Department and in the Video Department who were offered a buyout in 2015.

170.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 170 in the Amended Complaint.

171.     Defendant admits the allegations in Paragraph 171 of the Amended Complaint.

172.     Defendant denies each and every allegation in Paragraph 172 of the Amended Complaint, except admits that Ms. Walker became an Account Manager in the Fashion & Jewelry Department.

173.     Defendant denies each and every allegation in Paragraph 173 except admits the quoted content reflects an excerpt from Ms. Walker's 2012 Performance Review.

174.     Defendant denies each and every allegation in Paragraph 174 of the Amended Complaint except admits the quoted content reflects an excerpt from Ms. Walker's 2012 Performance Review.

175.     Defendant denies each and every allegation in Paragraph 175 of the Amended Complaint except admits the quoted content reflects an excerpt from Ms. Walker's 2012 Performance Review.

176.     Defendant denies each and every allegation in Paragraph 176 of the Amended Complaint except admits the quoted content reflects an excerpt from Ms. Walker's 2012 Performance Review.

177.     Defendant denies each and every allegation in Paragraph 177 of the Amended Complaint except admits the quoted content reflects an excerpt from Ms. Walker's 2012 Performance Review.

178.     Defendant denies each and every allegation in Paragraph 178 of the Amended Complaint.

179.     Defendant denies each and every allegation in Paragraph 179 of the Amended Complaint.

180.     Defendant denies each and every allegation in Paragraph 180 of the Amended Complaint.

181.     Defendant denies knowledge and information sufficient to form a belief as to the allegation in Paragraph 181 of the Amended Complaint.

182.     Defendant denies each and every allegation in Paragraph 182 of the Amended Complaint.

183.     Defendant denies each and every allegation in Paragraph 183 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to Ms. Walker's state of mind.

184.     Defendant denies each and every allegation in Paragraph 184 of the Amended Complaint, except admits that Ms. Walker was issued a warning letter for insubordination following an incident in which she became agitated and loudly stated that she "did not have time" to complete a routine report requested by her manager.

185.     Defendant denies each and every allegation in Paragraph 185 of the Amended Complaint, except avers that Ms. Walker did not raise the "tough girl" comment with her manager until after she was disciplined for insubordination.

186.     Defendant denies each and every allegation in Paragraph 186 of the Amended Complaint.

187.    Defendant denies each and every allegation in Paragraph 187 of the Amended Complaint.

188.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 188 of the Amended Complaint.

189.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 189 of the Amended Complaint, except denies that Ms. Walker was demoted.

190.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 190 of the Amended Complaint.

191.    Defendant denies each and every allegation in Paragraph 191 of the Amended Complaint.

192.    Defendant admits the allegations in Paragraph 192 of the Amended Complaint.

193.    Defendant denies each and every allegation in Paragraph 193 of the Amended Complaint.

194.    Defendant denies each and every allegation in Paragraph 194 of the Amended Complaint.

195.    Defendant denies each and every allegation in Paragraph 195 of the Amended Complaint.

196.    Defendant denies each and every allegation in Paragraph 196 of the Amended Complaint.

197.    Defendant denies that Walker was "demoted" and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 197 of the Amended Complaint.

198.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 198 of the Amended Complaint.

199.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 199 of the Amended Complaint.

200.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 200 of the Amended Complaint.

201.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the Amended Complaint, except to admit that Ms. Walker sought and was granted time off for medical treatment.

202.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 202 of the Amended Complaint.

203.    Defendant admits the allegations contained in Paragraph 203 of the Amended Complaint.

204.    Defendant denies each and every allegation in Paragraph 204 of the Amended Complaint, and avers Ms. Walker never sought a promotion.

205.    Defendant denies each and every allegation in Paragraph 205 of the Amended Complaint.

206.    Defendant denies each and every allegation in Paragraph 206 of the Amended Complaint.

207.    Defendant denies each and every allegation in Paragraph 207 of the Amended Complaint, except admits that certain Account Managers received higher compensation than did Ms. Walker.

208.    Defendant denies each and every allegation in Paragraph 208 of the Amended Complaint, except admits that Josh Schanen is a white male employed by Defendant who is in his 30s, who received a promotion from Account Manager to Advertising Director and who manages certain accounts that had historically generated higher revenue than certain accounts assigned to Ms. Grant.

209.    Defendant denies each and every allegation in Paragraph 209 of the Amended Complaint, except admits that Caroline Boccarosse is a white female Account Manager employed by Defendant who is in her late 20s who manages certain accounts that had historically generated higher revenue than certain accounts assigned to Ms. Walker.

210.    Defendant denies each and every allegation in Paragraph 210 of the Amended Complaint.

211.    Defendant denies each and every allegation in Paragraph 211 of the Amended Complaint.

212.    Defendant denies each and every allegation in Paragraph 212 of the Amended Complaint, except admits that the Times announced buyouts to the Advertising Department and the Video Department in late 2015.

213.    Defendant denies each and every allegation in Paragraph 213 of the Amended Complaint, except to admit that Ms. Walker received an overall rating of "Needs considerable improvement" for her performance in 2015.

214.    Defendant denies each and every allegation in Paragraph 214 of the Amended Complaint, except admits that Ruth Flaig supervised Ms. Walker in 2015 and completed her performance appraisal.

215.    Defendant admits the allegations in Paragraph 215 of the Amended Complaint and avers that Ms. Walker was among the numerous employees in the Advertising Department and in the Video Department who were offered a buyout in 2015.

216.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 216 of the Amended Complaint.

217.    Defendant denies each and every allegation in Paragraph 217 of the Amended Complaint.

218.    Defendant denies each and every allegation in Paragraph 218 of the Amended Complaint.

219.    Defendant denies that anyone was given a "clear directive" to take the buyout and denies knowledge or information sufficient to form a belief as to the state of mind of Ms. Walker and the other Account Manager as described in Paragraph 219 of the Amended Complaint.

220.    Defendant denies each and every allegation in Paragraph 220 of the Amended Complaint, except admits that no one was given any such message as alleged.

221.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 221 of the Amended Complaint.

## AS TO THE RACE CLASS ACTION ALLEGATIONS

222.    Defendant admits that Plaintiff purports to assert claims as described in Paragraph 222 of the Amended Complaint.  Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein, and specifically denies that the claims asserted in the Amended Complaint are suitable for resolution on a class basis.

223.    Defendant denies each and every allegation in Paragraph 223 of the Amended Complaint.

224.     Defendant denies the allegations of Paragraph 224 of the Amended Complaint, except admits that Plaintiff purports to assert claims as described.  Defendant specifically denies that the claims asserted in Paragraph 224 are suitable for resolution on a class basis.

225.     Defendant denies each and every allegation in Paragraph 225 of the Amended Complaint.

226.     Defendant denies each and every allegation in Paragraph 226 of the Amended Complaint.

227.     Defendant denies each and every allegation in Paragraph 227 of the Amended Complaint.

228.     Defendant denies each and every allegation in Paragraph 228 of the Amended Complaint.

229.     Defendant denies each and every allegation in Paragraph 229 of the Amended Complaint.

230.     Defendant denies each and every allegation in Paragraph 230 of the Amended Complaint.

231.     Defendant denies each and every allegation in Paragraph 231 of the Amended Complaint.

232.     Defendant denies each and every allegation in Paragraph 232 of the Amended Complaint.

233.     Defendant denies each and every allegation in Paragraph 233 of the Amended Complaint.

234.     Defendant denies each and every allegation in Paragraph 234 of the Amended Complaint.

235.    Defendant denies each and every allegation in Paragraph 235 of the Amended Complaint.

236.    Defendant denies each and every allegation in Paragraph 236 of the Amended Complaint.

237.    Defendant denies each and every allegation in Paragraph 237 of the Amended Complaint.

238.    Defendant denies each and every allegation in Paragraph 238 of the Amended Complaint.

239.    Defendant denies each and every allegation in Paragraph 239 of the Amended Complaint.

240.    Defendant denies each and every allegation in Paragraph 240 of the Amended Complaint.

241.    Defendant denies each and every allegation in Paragraph 241 of the Amended Complaint.

242.    Defendant denies each and every allegation in Paragraph 242 of the Amended Complaint.

243.    Defendant denies each and every allegation in Paragraph 243 of the Amended Complaint.

244.    Defendant denies each and every allegation in Paragraph 244 of the Amended Complaint.

245.    Defendant denies each and every allegation in Paragraph 245 of the Amended Complaint.

## AS TO THE AGE CLASS ACTION ALLEGATIONS

246.     Defendant admits that Plaintiff purports to assert claims as described in Paragraph 246 of the Amended Complaint.  Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein, and specifically denies that the claims asserted in the Amended Complaint are suitable for resolution on a class basis.

247.     Defendant denies each and every allegation in Paragraph 247 of the Amended Complaint.

248.     Defendant denies the allegations of Paragraph 248 of the Amended Complaint, except admits that Plaintiff purports to assert claims as described.  Defendant specifically denies that the claims asserted in the Amended Complaint are suitable for resolution on a class basis.

249.     Defendant denies each and every allegation in Paragraph 249 of the Amended Complaint.

250.     Defendant denies each and every allegation in Paragraph 250 of the Amended Complaint.

251.     The allegations in Paragraph 251 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent any response is required, Defendant denies each and every allegation in Paragraph 251 of the Amended Complaint.

252.     The allegations in Paragraph 252 of the Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent any response is required, Defendant denies each and every allegation in Paragraph 252 of the Amended Complaint.

253.    Defendant denies each and every allegation in Paragraph 253 of the Amended Complaint.

254.    Defendant denies each and every allegation in Paragraph 254 of the Amended Complaint.

255.    Defendant denies each and every allegation in Paragraph 255 of the Amended Complaint and avers that there was no discrimination and retaliation.

256.    Defendant denies each and every allegation in Paragraph 256 of the Amended Complaint.

257.    Defendant denies each and every allegation in Paragraph 257 of the Amended Complaint.

258.    Defendant denies each and every allegation in Paragraph 258 of the Amended Complaint.

259.    Defendant denies each and every allegation in Paragraph 259 of the Amended Complaint.

260.    Defendant denies each and every allegation in Paragraph 260 of the Amended Complaint.

261.    Defendant denies each and every allegation in Paragraph 261 of the Amended Complaint.

262.    Defendant denies each and every allegation in Paragraph 262 of the Amended Complaint.

263.    Defendant denies each and every allegation in Paragraph 263 of the Amended Complaint.

264.    Defendant denies each and every allegation in Paragraph 264 of the Amended Complaint.

265.    Defendant denies each and every allegation in Paragraph 265 of the Amended Complaint.

266.    Defendant denies each and every allegation in Paragraph 266 of the Amended Complaint.

267.    Defendant denies each and every allegation in Paragraph 267 of the Amended Complaint.

268.    Defendant denies each and every allegation in Paragraph 268 of the Amended Complaint.

269.    Defendant denies each and every allegation in Paragraph 269 of the Amended Complaint.

## AS TO THE GENDER CLASS ACTION ALLEGATIONS

270.    Defendant admits that Plaintiff purports to assert claims as described in Paragraph 270 of the Amended Complaint.  Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein, and specifically denies that the claims asserted in the Amended Complaint are suitable for resolution on a class basis.

271.    Defendant denies each and every allegation in Paragraph 271 of the Amended Complaint.

272.    Defendant denies the allegations of Paragraph 272 of the Amended Complaint, except admits that Plaintiff purports to assert claims as described.  Defendant specifically denies that the claims asserted in the Amended Complaint are suitable for resolution on a class basis.

273.    Defendant denies each and every allegation in Paragraph 273 of the Amended Complaint.

274.    Defendant denies each and every allegation in Paragraph 274 of the Amended Complaint.

275.    Defendant denies each and every allegation in Paragraph 275 of the Amended Complaint.

276.    Defendant denies each and every allegation in Paragraph 276 of the Amended Complaint.

277.    Defendant denies each and every allegation in Paragraph 277 of the Amended Complaint.

278.    Defendant denies each and every allegation in Paragraph 278 of the Amended Complaint.

279.    Defendant denies each and every allegation in Paragraph 279 of the Amended Complaint.

280.    Defendant denies each and every allegation in Paragraph 280 of the Amended Complaint.

281.    Defendant denies each and every allegation in Paragraph 281 of the Amended Complaint.

282.    Defendant denies each and every allegation in Paragraph 282 of the Amended Complaint.

283.    Defendant denies each and every allegation in Paragraph 283 of the Amended Complaint.

284.     Defendant denies each and every allegation in Paragraph 284 of the Amended Complaint.

285.     Defendant denies each and every allegation in Paragraph 285 of the Amended Complaint.

286.     Defendant denies each and every allegation in Paragraph 286 of the Amended Complaint.

287.     Defendant denies each and every allegation in Paragraph 287 of the Amended Complaint.

288.     Defendant denies each and every allegation in Paragraph 288 of the Amended Complaint.

289.     Defendant denies each and every allegation in Paragraph 289 of the Amended Complaint.

290.     Defendant denies each and every allegation in Paragraph 290 of the Amended Complaint.

291.     Defendant denies each and every allegation in Paragraph 291 of the Amended Complaint.

292.     Defendant denies each and every allegation in Paragraph 292 of the Amended Complaint.

293.     Defendant denies each and every allegation in Paragraph 293 of the Amended Complaint.

## AS TO THE COLLECTIVE ACTION ALLEGATIONS

294.     Defendant admits that Plaintiff purports to assert claims as described in Paragraph 294 of the Amended Complaint.  Defendant repeats and realleges its responses to all preceding

paragraphs as though fully set forth herein, and specifically denies that the claims asserted in the Amended Complaint are suitable for resolution on a collective basis.

295.    Defendant denies the allegations of Paragraph 295 of the Amended Complaint, except admits that Plaintiff purports to assert claims as described. Defendant specifically denies that the claims asserted in the Amended Complaint are suitable for resolution on a class basis.

296.    Defendant denies each and every allegation in Paragraph 296 of the Amended Complaint.

297.    Defendant denies each and every allegation in Paragraph 297 of the Amended Complaint.

298.    Defendant denies each and every allegation in Paragraph 298 of the Amended Complaint.

299.    Defendant denies each and every allegation in Paragraph 299 of the Amended Complaint.

## AS TO THE FIRST CAUSE OF ACTION

300.    In response to the allegations in Paragraph 300 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

301.    Defendant admits that Plaintiff purports to assert claims as described in Paragraph 301 of the Amended Complaint, but specifically denies that the claims asserted in the Amended Complaint are suitable for resolution on a collective basis.

302.    Defendant denies each and every allegation in Paragraph 302 of the Amended Complaint.

303.    Defendant denies each and every allegation in Paragraph 303 of the Amended Complaint.

304.    Defendant denies each and every allegation in Paragraph 304 of the Amended Complaint.

305.    Defendant denies each and every allegation in Paragraph 305 of the Amended Complaint.

306.    Defendant denies each and every allegation in Paragraph 306 of the Amended Complaint.

## AS TO THE SECOND CAUSE OF ACTION

307.    In response to the allegations of Paragraph 307 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

308.    Defendant admits that Plaintiff purports to assert claims as described in Paragraph 308 of the Amended Complaint, but specifically denies that the claims asserted in the Amended Complaint are suitable for resolution on a class basis.

309.    Defendant denies each and every allegation in Paragraph 309 of the Amended Complaint.

310.    Defendant denies each and every allegation in Paragraph 310 of the Amended Complaint.

311.    Defendant denies each and every allegation in Paragraph 311 of the Amended Complaint.

312.    Defendant denies each and every allegation in Paragraph 312 of the Amended Complaint.

313.     Defendant denies each and every allegation in Paragraph 313 of the Amended Complaint.

## AS TO THE THIRD CAUSE OF ACTION

314.     In response to the allegations of Paragraph 314 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

315.     Defendant denies each and every allegation in Paragraph 315 of the Amended Complaint.

316.     Defendant denies each and every allegation in Paragraph 316 of the Amended Complaint.

317.     Defendant denies each and every allegation in Paragraph 317 of the Amended Complaint.

318.     Defendant denies each and every allegation in Paragraph 318 of the Amended Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

319.     In response to the allegations of Paragraph 319 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

320.     Defendant denies each and every allegation in Paragraph 320 of the Amended Complaint.

321.     Defendant denies each and every allegation in Paragraph 321 of the Amended Complaint.

322.    Defendant denies each and every allegation in Paragraph 322 of the Amended Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

323.    In response to the allegations of Paragraph 323 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

324.    Defendant denies each and every allegation in Paragraph 324 of the Amended Complaint.

325.    Defendant denies each and every allegation in Paragraph 325 of the Amended Complaint.

326.    Defendant denies each and every allegation in Paragraph 326 of the Amended Complaint.

327.    Defendant denies each and every allegation in Paragraph 327 of the Amended Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

328.    In response to the allegations of Paragraph 328 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

329.    Defendant denies each and every allegation in Paragraph 329 of the Amended Complaint.

330.    Defendant denies each and every allegation in Paragraph 330 of the Amended Complaint.

331.     Defendant denies each and every allegation in Paragraph 331 of the Amended Complaint.

332.     Defendant denies each and every allegation in Paragraph 332 of the Amended Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

333.     In response to the allegations of Paragraph 333 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

334.     Defendant denies each and every allegation in Paragraph 334 of the Amended Complaint.

335.     Defendant denies each and every allegation in Paragraph 335 of the Amended Complaint.

336.     Defendant denies each and every allegation in Paragraph 336 of the Amended Complaint

337.     Defendant denies each and every allegation in Paragraph 337 of the Amended Complaint.

## AS TO THE EIGHTH CAUSE OF ACTION

338.     In response to the allegations of Paragraph 338 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

339.     Defendant denies each and every allegation in Paragraph 339 of the Amended Complaint.

340.     Defendant denies each and every allegation in Paragraph 340 of the Amended Complaint.

341.     Defendant denies each and every allegation in Paragraph 341 of the Amended Complaint.

342.     Defendant denies each and every allegation in Paragraph 342 of the Amended Complaint.

## AS TO THE NINTH CAUSE OF ACTION

343.     In response to the allegations of Paragraph 343 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

344.     Defendant denies each and every allegation in Paragraph 344 of the Amended Complaint.

345.     Defendant denies each and every allegation in Paragraph 345 of the Amended Complaint.

346.     Defendant denies each and every allegation in Paragraph 346 of the Amended Complaint.

## AS TO THE TENTH CAUSE OF ACTION

347.     In response to the allegations of Paragraph 347 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

348.     Paragraph 348 of the Amended Complaint contains conclusions of law to which no response is required.

349.    Defendant denies each and every allegation in Paragraph 349 of the Amended Complaint.

350.    Defendant denies each and every allegation in Paragraph 350 of the Amended Complaint.

351.    Defendant denies each and every allegation in Paragraph 351 of the Amended Complaint.

352.    Defendant denies each and every allegation in Paragraph 352 of the Amended Complaint.

353.    Defendant denies each and every allegation in Paragraph 353 of the Amended Complaint.

## AS TO THE ELEVENTH CAUSE OF ACTION

354.    In response to the allegations of Paragraph 354 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

355.    This Count is directed only to Mark Thompson and Meredith Levien, so no responsive pleading is required.  To the extent any response is required, Defendant denies each and every allegation in Paragraph 355 of the Amended Complaint.

356.    This Count is directed only to Mark Thompson and Meredith Levien, so no responsive pleading is required.  To the extent any response is required, Defendant denies each and every allegation in Paragraph 356 of the Amended Complaint.

357.    This Count is directed only to Mark Thompson and Meredith Levien, so no responsive pleading is required.  To the extent any response is required, Defendant denies each and every allegation in Paragraph 357 of the Amended Complaint.

## AS TO THE TWELFTH CAUSE OF ACTION

358.    In response to the allegations of Paragraph 358 of the Amended Complaint, Defendant repeats and realleges its responses to all preceding paragraphs as though fully set forth herein.

359.    This Count is directed only to Mark Thompson and Meredith Levien, so no responsive pleading is required.  To the extent any response is required, Defendant denies each and every allegation in Paragraph 359 of the Amended Complaint

360.    This Count is directed only to Mark Thompson and Meredith Levien, so no responsive pleading is required.  To the extent any response is required, Defendant denies each and every allegation in Paragraph 360 of the Amended Complaint

361.    This Count is directed only to Mark Thompson and Meredith Levien, so no responsive pleading is required.  To the extent any response is required, Defendant denies each and every allegation in Paragraph 361 of the Amended Complaint

362.    This Count is directed only to Mark Thompson and Meredith Levien, so no responsive pleading is required.  To the extent any response is required, Defendant denies each and every allegation in Paragraph 362 of the Amended Complaint

## AS TO THE PRAYER FOR RELIEF

The remainder of the Amended Complaint constitutes a prayer for relief, to which no response is required.  To the extent an answer may be deemed required, Defendant denies each and every allegation of this Paragraph, including those contained in subparagraphs (A) – (O), and specifically denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Amended Complaint, and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges the following specific defenses.  Defendant reserves the right to amend the Answer and Affirmative Defenses and/or supplement, alter or change the Answer or Affirmative Defenses upon completion of appropriate investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

Named Plaintiffs' claims and any of the claims of the putative collective and/or class action members are barred, in whole or in part, because they fail to state a cause of action upon which relief may be granted or for which the damages sought may be awarded.  Named Plaintiffs have not alleged sufficient facts to render plausible some or all of the claims they assert in the Amended Complaint on their own behalf or on behalf of the putative collective action and/or class action members. They have alleged only conclusions of law or formulaic recitations of the elements of his claims without any supporting facts, details or events to support such elements.

## SECOND AFFIRMATIVE DEFENSE

Named Plaintiffs and the putative collective and/or class action members are not entitled to recover punitive damages because at all relevant times, including prior to the allegations that form the basis of the claims in the Amended Complaint, Defendant has engaged in good faith efforts to comply with all laws prohibiting discrimination and/or retaliation in employment.

## THIRD AFFIRMATIVE DEFENSE

If this Court were to certify this action as a class and/or collective action, any penalty or award of liquidated, multiple, or punitive damages would deny Defendant the due process of law.

## FOURTH AFFIRMATIVE DEFENSE

To the extent any Plaintiffs or putative collective and/or class action members  have suffered injury, which Defendant expressly denies, subject to proof through discovery, any such injury is the result of acts or omissions of such Plaintiffs or putative collective action or class action members, and not any act or omission of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs or any putative collective and/or class action members are able to prove to the satisfaction of the trier of fact that any improper motive was a factor in relevant employment decisions (which Defendant denies), Defendant would have made the same employment decisions regardless of any alleged improper motive.

## SIXTH AFFIRMATIVE DEFENSE

The Company's compensation policies and practices challenged in the Amended Complaint are a production-based system within the meaning of § 206(d)(1)(iii) of the Equal Pay Act, and therefore its application cannot constitute a basis for an unlawful employment practice under the Equal Pay Act.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent any wage disparities exist between Plaintiffs or putative collective or class action members and male employees in the Advertising division (which Defendant denies), such disparities are due to a system which measures earnings by quantity or quality of production, which were implemented for legitimate business reasons, and/or a differential based on relevant job factors other than sex.

## EIGHTH AFFIRMATIVE DEFENSE

Certain of the individuals within the scope of the putative collective and/or class action alleged by the named Plaintiffs have released and/or waived their claims against the Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative collective and/or class action members, are barred in whole or in part by those individuals' failure to mitigate their alleged damages.

WHEREFORE, Defendant respectfully requests that judgment be entered dismissing Plaintiffs' claims in their entirety with prejudice, awarding Defendant attorney's fees, together with such other, further and different relief as the Court deems just and proper and the costs and disbursements of this action.

Dated: September 30, 2016

PROSKAUER ROSE LLP

By:   */s/ Gregory I. Rasin*
     Gregory I. Rasin, Esq.
     Larissa R. Boz, Esq.
     Eleven Times Square
     New York, NY  10036
     Phone:  (212) 969-3000
     Fax: (212) 969-2900
     *Attorneys for Defendant*

     Mark W. Batten, Esq. – *pro hac vice*
     1 International Place
     Boston, Massachusetts 02110
     Tel: (617) 526-9600
     Fax: (617) 526-9899
     mbatten@proskauer.com
     *Attorneys for Defendant*