Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Mark W. Batten
Member of the Firm
d 617.526.9850
f 617.526.9899
mbatten@proskauer.com
www.proskauer.com

June 25, 2018

**VIA ECF AND FACSIMILE**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007
Facsimile: (212) 805-7949

    Re:   **Grant, et al. v. The New York Times Company, et al., No. 16 Civ. 03175 (PKC)(DCF)**

Dear Judge Castel:

    We represent the Defendants in this action, The New York Times Company ("The Times"), Mark Thompson, and Meredith Levien. We write pursuant to Your Honor's Individual Rule of Practice 4(A)(i) to seek permission to file a motion to strike the remaining class allegations in this case for lack of the numerosity required by Fed. R. Civ. P. 23(a)(1). The next conference in this case is scheduled for September 25, 2018.

    At the outset, we fully recognize the Court's preference not to address class certification issues in a piecemeal fashion, and ordinarily would not request permission to file a motion on a single prong of the Rule 23 requirements. But we file this request because even though the potential race and age classes are extremely small – just five individuals in the proposed race class, and 28 in the age class – the Defendants are faced with e-discovery that would require review of more than 500,000 documents, most of them returned by searches that seek documents primarily on class claims, rather than on the individual claims.[1] Discovery of that magnitude, which threatens enormous cost to the Defendants, is not proportional to the needs of this case, because the classes are simply too small to be certified. No further discovery is necessary to

---

[1] Pursuant to the agreed-upon protocol, the parties have engaged in ongoing negotiations in an effort to narrow the document review population generated by the initial search terms (originally more than 1 million documents). As of June 22, Plaintiffs have agreed to utilize predictive coding so as to decrease the time and cost required to conduct a manual review. As part of that agreement Defendants have accepted Plaintiffs' proposed searches, which will yield approximately 360,000 documents without families (530,000 documents total).

**Proskauer»**

Hon. Kevin Castel
June 25, 2018
Page 2

assess the numerosity issue, and Defendants therefore respectfully request that the Court decide the issue now.

Rule 23(a) provides in relevant part that a class may be certified "only if . . . the class is so numerous that joinder of all members is impracticable." A presumption of numerosity arises when a putative class contains at least forty members. *See e.g., Forde v. Waterman S.S. Corp.*, 2013 U.S. Dist. LEXIS 135307, at *11 (S.D.N.Y. Sep. 18, 2013); *MacNamara v. City of New York*, 275 F.R.D. 125, 141 (S.D.N.Y. 2011). Though the court has discretion to certify a class consisting of fewer than forty members, classes comprising 21 or fewer members do not generally pass muster. *See Heather Siler v. Landry's Seafood House-N.C., Inc.*, 2014 U.S. Dist. LEXIS 90088, at *6 (S.D.N.Y. June 30, 2014) ("Generally speaking, courts will find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer") (quoting *Ansari v. N.Y. Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998)).

In response to Plaintiffs' discovery requests and following the Court's Order, Defendants provided complete information in December 2017 concerning the potential members of the classes that Plaintiffs still seek to certify.[2] First, Plaintiffs seek to certify a class of Black Account Managers. Second Amended Complaint ¶224. During the limitations period applicable in this case, The Times employed a total of eleven Black Account Managers. Six of those individuals, however, have left The Times' employment and signed releases of all claims, leaving just five individuals in the proposed class. Two of those five individuals are the named Plaintiffs, leaving only three others in the potential class. There is no justification for a race class.

Second, Plaintiffs seek to certify a class of "older" Account Managers. Second Amended Complaint ¶248. Assuming this means Account Managers who are 40 or older, and again omitting the individuals who have left employment and signed releases of their claims, there are just 28 individuals in the proposed age class, two of whom are the named Plaintiffs.

Where the proposed class numbers between 21 and 40, the need for a class turns on whether "joinder of all members is impracticable." Fed R. Civ. P. 23(a)(1). In the Second Circuit, that analysis considers such factors as whether the proposed class members are geographically dispersed, knowledge of the names and locations of individual class members, the size of the claims, the individuals' financial resources and ability to initiate individual lawsuits if they choose, and similar considerations. *See, e.g., Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993). Those factors weigh against certification here. The 28 potential class members (including the named Plaintiffs) are all known and the majority are not geographically dispersed;

---

[2] The Second Amended Complaint sought to certify three classes, of Black, older, and female Account Managers in The Times' Advertising Department. The Court dismissed the gender allegations by Order dated September 14, 2017 (Docket No. 70).

**Proskauer**

Hon. Kevin Castel
June 25, 2018
Page 3

indeed, more than half of the potential class members currently work for The Times. Therefore, as in *Primavera Familienstiftung v. Askin*, 178 F.R.D. 405, 410 (S.D.N.Y. 1998), the named Plaintiffs "could easily contact potential litigants and propose joinder." The court in *Askin* denied certification of a class numbering more than 100 on numerosity grounds, because all could easily be identified and each had a sufficiently sizable claim to warrant individual litigation, as is true here as well.

Because the proposed classes fail on this threshold issue, and no discovery is required to make that determination, Defendants respectfully request that the Court permit a motion to address the subject now. Doing so will dramatically streamline discovery and expedite the resolution of this action.

We thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

*/s/ Mark W. Batten*

Mark W. Batten

cc: Gregory Rasin, Esq.
Larissa Boz, Esq.
Lawrence Pearson, Esq.
Hilary Orzick, Esq.
Moorea Katz, Esq.
Kenneth Walsh, Esq.