UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ERNESTINE GRANT and MARJORIE WALKER, on :
behalf of themselves individually and on behalf of all :     1:16 CV 03175 (PKC)(DCF)
similarly situated persons,                            :
                                                       :     **ECF CASE**
                                                       :
                        Plaintiffs,                    :
                                                       :
    -against-                                          :
                                                       :
THE NEW YORK TIMES COMPANY, MARK                       :
THOMPSON, and MEREDITH LEVIEN,                         :
                                                       :
                        Defendants.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO STRIKE PLAINTIFFS' AGE AND RACE CLASS CLAIMS**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .............................................................................................................................2

    Plaintiffs' Proposed Classes Fail to Satisfy the Numerosity Requirement
    Under Rule 23(a) and Those Allegations Should Be Stricken ................................................3

    A.    Joinder Of The Proposed Class Members Is Not Impracticable.................................3

        1.    The Proposed Race Class Cannot be Certified ................................................4

        2.    The Proposed Age Class Cannot be Certified..................................................5

    B.    Former Employees who Executed Valid Releases as a Condition of
        Separation are Properly Excluded from the Proposed Classes. .................................8

    C.    "Future Class Members" are Properly Excluded from the Joinder
        Analysis.....................................................................................................................9

CONCLUSION........................................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abdul-Malik v. Coombe*,
 No. 96 CIV. 1021 (DLC), 1996 WL 706914 (S.D.N.Y. Dec. 6, 1996) ................................... 10

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*,
 269 F.R.D. 252 (S.D.N.Y. 2010), *aff'd as amended*,
 772 F.3d 111 (2d Cir. 2014), *aff'd*,
 814 F.3d 641 (2d Cir. 2016) ................................................................................................... 3

*Alcantara v. CAN Mgmt., Inc.*,
 264 F.R.D. 61 (S.D.N.Y. 2009) ............................................................................................... 3

*Andre H. ex rel. Lula H. v. Ambach*,
 104 F.R.D. 606 (S.D.N.Y. 1985) ........................................................................................... 10

*Ansari v. N.Y. Univ.*,
 179 F.R.D. 112 (S.D.N.Y. 1998) ..................................................................................... passim

*Bruce v. Christian*,
 113 F.R.D. 554 (S.D.N.Y. 1986) ........................................................................................... 10

*Davis v. Navient Corp.*,
 No. 17-CV-00992-LJV-JJM, 2018 U.S. Dist. LEXIS 41365
 (W.D.N.Y. Mar. 12, 2018) ...................................................................................................... 2

*Deen v. New Sch. Univ.*,
 No. 05 Civ.7174 (KMW), 2008 U.S. Dist. LEXIS 7846
 (S.D.N.Y. Feb. 1, 2008) ................................................................................................. 3, 8, 9

*Ewh v. Monarch Wine Co.*,
 73 F.R.D. 131 (E.D.N.Y. 1977) .............................................................................................. 3

*Folsom v. Blum*,
 87 F.R.D. 443 (S.D.N.Y. 1980) .............................................................................................. 7

*Gen. Tel. Co. of Sw. v. Falcon*,
 457 U.S. 147 (1982) ................................................................................................................ 2

*Gen'l Tel. Co. of the Nw. v. EEOC*,
 446 U.S. 318 (1980) ................................................................................................................ 3

*Gortat v. Capala Bros.*,
 No. 07-CV-3629 (ILG), 2011 U.S. Dist. LEXIS 57130
 (E.D.N.Y. May 27, 2011) ....................................................................................................... 9

*Gortat v. Capala Bros.*,
   No. 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010), *aff'd*,
   568 F. App'x 78 (2d Cir. 2014) ...................................................................................3

*Hurley v. Toia*,
   432 F. Supp. 1170 (S.D.N.Y.), *aff'd*, 573 F.2d 1291 (2d Cir. 1977) .........................7

*In re W.T. Grant Co.*,
   24 Bankr. 421 (Bankr. S.D.N.Y. 1982) ........................................................................3

*Ingenito v. Bermec Corp.*,
   376 F. Supp. 1154 (S.D.N.Y. 1974) .............................................................................9

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Co.*,
   149 F.R.D. 65 (D.N.J. 1993) ........................................................................................3

*MacNamara v. City of New York*,
   275 F.R.D. 125 (S.D.N.Y. 2011) ..................................................................................3

*Ortiz v. CIOX Health LLC*,
   No. 17-CV-4039 (DLC), 2018 U.S. Dist. LEXIS 29010
   (S.D.N.Y. Feb. 22, 2018) ..............................................................................................2

*Primavera Familienstiftung v. Askin*,
   178 F.R.D. 405 (S.D.N.Y. 1998) ..................................................................................3

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) ............................................................................5, 7, 10

*Rogers v. Capital One Servs., LLC*,
   No. 10-CV-398 (VLB), 2011 WL 873312 (D. Conn. Feb. 19, 2011), *aff'd*,
   447 F. App'x 245 (2d Cir. 2011) .................................................................................2

*Romero v. Flaum Appetizing Corp.*,
   No. 07 Civ. 7222 (BSJ)(JCF), 2011 U.S. Dist. LEXIS 23782
   (S.D.N.Y. Feb. 28, 2011) ..............................................................................................9

*Saleh v. City of Buffalo*,
   No. 97-CV-0872 .............................................................................................................3

*Siler v. Landry's Seafood House – N.C., Inc.*,
   No. 13-CV-587 (RLE), 2014 WL 2945796 (S.D.N.Y. June 30, 2014) ....................3

*Steinmetz v. Bache & Co., Inc.*,
   71 F.R.D. 202 (S.D.N.Y. 1976) ....................................................................................8

*Stoudt v. E.F. Hutton & Co. Inc.*,
   121 F.R.D. 36 (S.D.N.Y. 1988) ....................................................................................8


*Surdu v. Madison Global, LLC*,
  No. 15 Civ 6567 (HBP), 2017 WL 3842859 (S.D.N.Y. Sept. 1, 2017) ...................................... 9

*Uniondale Beer Co. v. Anheuser-Busch, Inc.*,
  117 F.R.D. 340 (E.D.N.Y. 1987) ............................................................................................. 4

*Vargas v. Howard*,
  324 F.R.D. 319 (S.D.N.Y. 2018) ............................................................................................. 9

*Williams v. Conway*,
  312 F.R.D. 248 (N.D.N.Y. 2016) .......................................................................................... 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................................................ 1, 8, 11

Fed. R. Civ. 23(a) ...................................................................................................................... 1, 3

Fed. R. Civ. 23(a)(1) ................................................................................................................. 1, 3

## PRELIMINARY STATEMENT

Plaintiffs Ernestine Grant and Marjorie Walker,[1] two Black female employees over the age of 40 in The New York Times' ("The Times") Advertising Department, filed this action on April 28, 2016 asserting discrimination against them because of their race, their age, their gender, and, for Walker, her disability, in violation of federal and state laws. They further asserted claims on behalf of purported classes of Black and older Account Managers under Fed. R. Civ. P. 23 (herein the "Race Class" and the "Age Class").[2] Yet, there are only six individuals in their proposed Race Class, and only 24 in the proposed Age Class.[3] Those groups are simply too small to satisfy Rule 23(a)'s numerosity requirement.

Rule 23(a)(1) requires proof that "the class is so numerous that joinder of all members is impracticable." Here, joinder of the few potential class members is not at all impracticable. Most, in fact, are still employed by The Times in its Manhattan offices. And despite the production in discovery long ago of documents identifying the Account Managers from 2012 through 2017, not a single other Account Manager has come forward to join the present suit or to file a new action.

Grant and Walker's proposed Age and Race classes cannot be certified, and their class claims should be stricken. No further discovery is required to assess the practicability of joinder,

---

[1] Ms. Walker passed away on May 2, 2018. Her son, Stephen Walker, has been substituted for her in this action.

[2] Plaintiffs also sought to certify a class of female Account Managers. Second Amended Complaint ¶¶ 270-293 (Docket No. 57). On September 14, 2017, this Court dismissed Plaintiffs' class allegations on the basis of gender.

[3] Defendants stated in their pre-motion letter that the proposed Age Class consisted of 28 employees and the proposed Race Class consisted of five employees. However, two Account Managers elected to participate in the most recent voluntary buyout announced in December 2017, and signed releases of claims in exchange for severance, and two additional agreements were recently identified by Christopher Beigner, Director of Labor Relations. Moreover, because the proposed Race Class includes those employed on or after April 28, 2012, it includes an additional Account Manager, for a total of six.

and, as discussed in Defendants' pre-motion letter, a decision on this issue now will narrow the scope of discovery and greatly simplify the resolution of this matter.[4]

## ARGUMENT

The Supreme Court has recognized that early disposition of class and collective claims can be appropriate, even on the pleadings alone: "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160 (1982). *Rogers v. Capital One Servs., LLC*, No. 10-CV-398 (VLB), 2011 WL 873312, at *7 (D. Conn. Feb. 19, 2011), *aff'd*, 447 F. App'x 245 (2d Cir. 2011). Although class certification typically occurs at a later stage of the proceedings, "[a] motion to strike class allegations is 'procedurally permissible' at the pleading stage." *Davis v. Navient Corp.,* No. 17-CV-00992-LJV-JJM, 2018 U.S. Dist. LEXIS 41365, at *10 (W.D.N.Y. Mar. 12, 2018) (citations omitted); *see also Ortiz v. CIOX Health LLC,* No. 17-CV-4039 (DLC), 2018 U.S. Dist. LEXIS 29010, at *13 (S.D.N.Y. Feb. 22, 2018) ("The function of a 12(f) motion to strike has been seen as avoiding the expenditure of time and money that must arise from litigating spurious issues [b]y dispensing with those issues prior to trial.") (Citation omitted).

The Times does not propose that the Court strike the class allegations here merely on the pleadings, however. Rather, the evidence submitted with this motion, the sources of which were previously shared with Plaintiffs in discovery, demonstrates that the proposed Age and Race Classes cannot meet the numerosity requirement for class treatment.

---

[4] At various points in this Memorandum, Defendants refer to the supporting Declaration of Christopher Biegner ("Biegner Decl.") and the accompanying Exhibit A ("Ex. A"). The facts set forth in those documents summarize records maintained by The Times in the normal course of business, which have been produced to Plaintiffs during discovery. When we refer to the contents of the Declaration and/or the accompanying Exhibit A, we include in a footnote the Bates ranges of the corresponding documents produced to Plaintiffs.

**Plaintiffs' Proposed Classes Fail to Satisfy the Numerosity Requirement Under Rule 23(a) and Those Allegations Should Be Stricken.**

### A.     Joinder Of The Proposed Class Members Is Not Impracticable.

Plaintiffs' class allegations should be stricken for failure to meet the most basic requirement of class litigation: that the proposed classes be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).   Numerosity is generally presumed when a putative class contains 40 or more members.[5]  Smaller classes are routinely rejected.  *See, e.g.*, *Gen'l Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980) (class of fifteen "would be too small to meet the numerosity requirement"); *Saleh v. City of Buffalo,* No. 97-CV-0872 E(H), 1998 U.S. Dist. LEXIS 6049, at *7 (W.D.N.Y. Apr. 21, 1998) (16 potential members); *In re W.T. Grant Co.*, 24 Bankr. 421, 424-25 (Bankr. S.D.N.Y. 1982) (33 potential members); *Ewh v. Monarch Wine Co.*, 73 F.R.D. 131, 132 (E.D.N.Y. 1977) (34 potential members).

Courts have declined to certify even classes of 40 and larger where the circumstances suggested that joinder was possible. *See, e.g., Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc*., 269 F.R.D. 252, 258 (S.D.N.Y. 2010) (denying certification of class on the "cusp" of 40), *aff'd as amended*, 772 F.3d 111 (2d Cir. 2014), *aff'd*, 814 F.3d 641 (2d Cir. 2016); *Deen v. New Sch. Univ.*, No. 05 Civ.7174 (KMW), 2008 U.S. Dist. LEXIS 7846, at *14 (S.D.N.Y. Feb. 1, 2008) (denying certification of 110-member class); *Primavera Familienstiftung v. Askin*, 178 F.R.D. 405, 410 (S.D.N.Y. 1998) (denying certification of 118-member class where plaintiff failed to show the benefit of class certification as opposed to joinder in promoting judicial economy); *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Co*., 149 F.R.D. 65, 74 (D.N.J. 1993)

---

[5] *See, e.g.*, *Siler v. Landry's Seafood House – N.C., Inc*., No. 13-CV-587 (RLE), 2014 WL 2945796, at *2 (S.D.N.Y. June 30, 2014); *Gortat v. Capala Bros*., No. 07-CV-3629 (ILG), 2010 WL 1423018, at *2 (E.D.N.Y. Apr. 9, 2010), *aff'd,* 568 F. App'x 78 (2d Cir. 2014); *MacNamara v. City of New York*, 275 F.R.D. 125, 141 (S.D.N.Y. 2011); *Alcantara v. CAN Mgmt., Inc*., 264 F.R.D. 61, 64 (S.D.N.Y. 2009); *Ansari v. N.Y. Univ*., 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

(finding that "whether viewed as a potential class of 38 or 123 members, this number is not so large as to preclude joinder of all potential plaintiffs"); *Uniondale Beer Co. v. Anheuser-Busch, Inc.*, 117 F.R.D. 340, 345 (E.D.N.Y. 1987) (denying certification of class of 100 members on numerosity grounds).

### 1. The Proposed Race Class Cannot Be Certified.

The proposed Race Class requires no extended discussion.  There are only ten potential members of the class – Black individuals employed as Account Managers in The Times' Advertising Department between April 28, 2012 and the present – including the two named Plaintiffs.  *See* Biegner Declaration & Ex. A.[6]  That number alone would be too small to justify class treatment, but in fact the proposed Race Class is even smaller.  Four of those 10 individuals have left employment at The Times and signed releases of all claims against the company, as part of either a voluntary buyout or a severance package at the time of their departure.[7]  *See id*.  Those releases cover the claims that could be asserted on their behalf in this action.  *See id*. ¶ 4 & Ex. A.[8]  As shown below in Part B, those releases preclude participation in this case, or the inclusion of those four individuals in a class.

Excluding those who have signed releases, there are only six potential members of the Race Class: the two named Plaintiffs and four others.  *See id.*  One of those four individuals

---

[6] Documents reflecting demographic information were produced to Plaintiffs as NYT 01171-72.  An expanded version of Exhibit A was produced to Plaintiffs at NYT 004049-A, including the names of each Account Manager and, where applicable, the Bates range for each release.  That information, which was pulled directly from the production, was excluded from Exhibit A so as to protect the identities of the former employees.

[7] Documents produced to Plaintiffs in discovery as NYT 01657-01663; NYT 01625-01631; NYT 01595-01602; and MJ 00050-00067.

[8] Defendants have not submitted copies of the separation agreements because of confidentiality concerns, but all have been produced to Plaintiffs in discovery.  Should the Court wish to review the agreements, Defendants are of course willing to supply them, but would request permission to file those materials under seal.

resigned from the Manhattan office in 2013. The remaining three individuals are current employees of The Times in Manhattan.  *See id*. at Ex. A.  There is no reason they could not join this case as individuals.  Put another way, there is no justification to adjudicate any claims those four individuals may have in their absence.

### 2. The Proposed Age Class Cannot Be Certified.

The proposed Age Class, numbering 24, is also too small to warrant class treatment, because Plaintiffs cannot show that joinder of these individuals is impracticable.  In *Robidoux v. Celani*, the Second Circuit analyzed the following factors to assess the impracticability of joinder: 1) judicial economy from avoiding multiple actions; 2) geographic dispersion of proposed class members; 3) the financial resources of those class members; 4) the ability of members to file individual suits; and 5) requests for prospective injunctive relief which would involve future class members.  987 F.2d 931, 936 (2d Cir. 1993) (citing instances where the use of the class action framework may be necessary to afford relief, as in cases involving poverty, fluctuating membership and/or statewide distribution).  Relying on these factors, the *Robidoux* court concluded that it was proper to "[c]onsolidat[e] in a class action what could be over 100 individual suits."  *Id.*

The court in *Ansari v. New York University.* applied the *Robidoux* factors and found that joinder was practicable, precluding class certification, where 35 foreign dentists who had enrolled in the defendant's one-year Orthodontic Program sought damages for breach of contract and negligent representation, among other claims.  179 F.R.D. 112, 114 (S.D.N.Y. 1998).  The court found that there was no evidence of potentially redundant lawsuits since two years had elapsed since completion of the program and no other dental student had brought a suit against defendants.  *Id.* at 115. In addition, the potential class members had the incentive and ability to protect their own interests, since each of the students were licensed dentists who had paid

$30,000 for the program and none were incarcerated, unsophisticated or elderly. *Id.* Moreover, the court concluded that each potential class member could expect to recover the amount of tuition and the opportunity cost of having attended the program if they advanced a claim similar to the named plaintiff's. The class members were geographically dispersed, which weighed in favor of certification, but that factor was mitigated by the plaintiffs' ability to contact the prospective members.

As shown in the Biegner Declaration and Exhibit A thereto, there are only 59 Account Managers who were employed in The Times' Advertising Department between April 28, 2013 and the present who were 40 or older during that time, including Grant and Walker. Again, more than half of these Account Managers signed releases as part of either a voluntary buyout or a severance package, which released the claims that Grant and Walker propose to assert on their behalf.[9] *See id*. at Ex. A.

As a result, there are just 24 potential members of the proposed Age Class, again counting the named Plaintiffs. Further discovery will not change these facts; there is no uncertainty about the number of individuals who worked at The Times, nor about their identities, nor about the number of individuals who signed a release upon their departure. Accordingly, there is no reason to defer an evaluation of the numerosity question until discovery is complete.

Applying the *Robidoux* factors here, joinder of the 24 Account Managers in the proposed Age Class is certainly practicable, making class certification inappropriate. First, there is no evidence that permitting this case to proceed as a class action is necessary to avoid multiple and redundant litigation. Similar to the potential class in *Ansari,* "[t]his is not a situation where

---

[9] Documents produced to Plaintiffs at NYT 01456-01477; NYT 01485-01543; NYT 01567-01573; NYT 01588-01663; NYT 01671-01675; NYT 01682-01687; NYT 01694-01717; NYT 01724-01730; NYT 004029-004059; and MJ 00050-00067.

individual members of the prospective class have filed or threatened to file" their own lawsuits; more than two years have elapsed since this case was filed and no individual has either sought to join this action nor filed a new suit.  179 F.R.D. at 114-15; Beigner Decl. ¶ 5.

Second, 14 of the 24 individuals are current employees and therefore easily contacted; 11 of those work for The Times in New York City. *See id*. at Ex. A.  That leaves just ten former employees in the proposed Age Class.  One of those individuals, Ms. Walker, passed away.  *See id.*  Of the remaining nine in the proposed Age Class, three were employed by The Times during the pendency of this action.  That minimal amount of geographic dispersion does not justify class treatment, particularly in light of the other factors.

Third, there is simply no evidence that the prospective class members – each of whom earns in excess of $90,000 per annum (and some earn more than *twice* that amount) – lack the financial resources to participate in the suit.  Biegner Decl. ¶ 6.  As the cases make clear, the factor concerning financial resources seeks to protect those who are economically disadvantaged such that they do not have the wherewithal to retain an attorney either to join in the pending action or to file a separate suit, neither of which is the case here.  *See Robidoux*, 987 F.2d at 936.  In cases finding this factor to favor certification, the class members have been predominantly individuals who are unemployed or receiving public assistance.  *See, e.g., Folsom v. Blum*, 87 F.R.D. 443, 445 (S.D.N.Y. 1980) (fluctuating membership of welfare recipients); *Hurley v. Toia*, 432 F. Supp. 1170, 1174 (S.D.N.Y.) (same), *aff'd*, 573 F.2d 1291 (2d Cir. 1977).

Fourth, there is no evidence that prospective class members are incarcerated, unsophisticated, elderly or otherwise unable to participate in this case or other individual litigation.  *See Ansari*, 179 F.R.D. at 115-16.  Instead, the prospective class consists of educated professionals who are tasked with selling advertising to and developing strong relationships with

some of the largest and most sophisticated clients in the market including, for example, major financial institutions, retailers and automotive companies. Beigner Decl. ¶ 7.

Finally, the individual claims at issue are not the *de minimis* recovery that would discourage individual class members from joining the present suit or filing a case on their own behalf. As the court stated in *Deen*, "[w]hen the size of each claim is significant, and each proposed class member therefore possesses the ability to assert an individual claim, the goal of obtaining redress can be accomplished without the use of the class action device." 2008 U.S. Dist. LEXIS 7846, at *12 (citation omitted). *See Stoudt v. E.F. Hutton & Co. Inc.*, 121 F.R.D. 36, 38 (S.D.N.Y. 1988) (Rule 23 is "not intended to permit a private litigant to enhance his own bargaining power by a claim that he is acting for a class of litigants, nor is the purpose of the Rule to reap a golden harvest of fees for lawyers who bring class actions") (quoting *Steinmetz v. Bache & Co., Inc.*, 71 F.R.D. 202, 206 (S.D.N.Y. 1976)). Here, Plaintiffs advance claims for both compensatory and punitive damages, including but not limited to loss of past and future income, wages, compensation, seniority, and other benefits of employment, on behalf of individuals who earn or earned more than $90,000 per year at The Times <u>for every year that they worked at the company</u>. [10] Therefore, it can be inferred here – as it was inferred in *Ansari* – that the individual claims at issue are not so small as to preclude individual class members from joining this action or filing suit.

Accordingly, the class claims fail for lack of numerosity and those allegations should be stricken.

---

[10] Documents produced to Plaintiffs at NYT 003421-3431; 003438-3461 (reflecting earnings from 2012 to 2017).

### B. Former Employees who Executed Valid Releases as a Condition of Separation are Properly Excluded from the Proposed Classes.

As described above, 35 Account Managers who would have otherwise been potential class members have signed general releases as a condition of their separation from the Company, primarily as a result of voluntary buyouts, and all of those releases expressly released the claims asserted in this action. Beigner Decl. ¶ 4. Such releases "narrow[ ] the size of the potential class." *Vargas v. Howard*, 324 F.R.D. 319, 331 (S.D.N.Y. 2018); *see Surdu v. Madison Global, LLC*, No. 15 Civ. 6567 (HBP), 2017 WL 3842859, at *7 n.4 (S.D.N.Y. Sept. 1, 2017) (excluding potential class members who released all claims against defendants); *Gortat v. Capala Bros.*, No. 07-CV-3629 (ILG) 2011 U.S. Dist. LEXIS 57130, *5-6 (E.D.N.Y. May 27, 2011) (removing 54 members of the proposed class who signed unambiguous releases); *Ingenito v. Bermec Corp.*, 376 F. Supp. 1154, 1171 (S.D.N.Y. 1974) (denying motion for class certification, noting, "[t]he fact that many members of a proposed class have settled their disputes has been recognized as a significant factor in determining whether a class action is the superior method for adjudicating the controversy"); *see also Romero v. Flaum Appetizing Corp.*, No. 07 Civ. 7222 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 23782, at *18 (S.D.N.Y. Feb. 28, 2011) (collecting cases in which courts have denied class certification where some, but not all, of the putative class members signed releases).

### C. "Future Class Members" are Properly Excluded from the Joinder Analysis.

Any argument that that the existence of future class members precludes joinder, as alleged in Paragraphs 227 and 251 of the Second Amended Complaint, must fail. Where there are a "finite number of people all of whom are identifiable and all of whom have been injured, if at all, in the past," courts in this Circuit have found no risk that the existence of "future class members" makes joinder impracticable. *Ansari,* 179 F.R.D. at 116 (S.D.N.Y. 1998); *see Deen*,

2008 WL 331366, at *14 (rejecting a proposed class of 110 members and finding no risk that the existence of "future class members" would render joinder impracticable where professional artists who enrolled in graduate program brought class action against drama school alleging breach of contract and deceptive practices under New York law).

Cases in which "future class members" are considered for the purposes of the numerosity analysis address circumstances in which potential class members are otherwise unable to seek redress for their injuries because of, for example, financial constraints, disabilities and/or incarceration – in other words, many of the same factors considered in the *Robidoux* analysis. As described more fully above, no such circumstances are present here. *See, e.g. Abdul-Malik v. Coombe*, No. 96 CIV. 1021 (DLC), 1996 WL 706914, at *2 (S.D.N.Y. Dec. 6, 1996) (finding prospective class of 12,000 Muslims currently incarcerated in SOCS facilities satisfied numerosity where the prospective injunctive relief sought involved future class members); *Bruce v. Christian*, 113 F.R.D. 554, 557 (S.D.N.Y. 1986) (finding numerosity in proposed class included future tenants of the NYC Housing Authority, reasoning that "the fluid composition of the public housing population is particularly well suited for status as a class because while the identity of the individuals involved may change, the nature of the harm and the basic parameters of the group affected remain constant" and noting "the inability of the individual class members to institute an action on their own behalf [due to a lack of sufficient financial means to obtain legal representation] necessitate[d] class certification"); *Andre H. ex rel. Lula H. v. Ambach*, 104 F.R.D. 606, 613 (S.D.N.Y. 1985) (certifying class of "all current and future residents" of a juvenile justice center who were "handicapped and in need of special education and related services"); *see also Williams v. Conway*, 312 F.R.D. 248, 251 (N.D.N.Y. 2016) (Certifying class of "all present and future deaf and hearing-impaired prisoners of the Onondaga County Justice

Center who have been, are, or will be discriminated against, solely on the basis of their disability, in receiving the rights and privileges accorded to all other prisoners").

## CONCLUSION

For all of the foregoing reasons, Defendants' motion should be granted, and the Court should strike all allegations of the Second Amended Complaint asserting claims on behalf of putative classes pursuant to Fed. R. Civ. P. 23.

Dated: July 17, 2018                                Respectfully submitted,

*/s/Mark W. Batten*
Mark W. Batten – *admitted pro hac vice*
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 526-9600
Fax: (617) 526-9899
mbatten@proskauer.com
*Attorneys for Defendants*

Gregory I. Rasin
Larissa R. Boz
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3410
Fax: (212) 969-2900
grasin@proskauer.com
lboz@proskauer.com